IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



RANDOLPH LEE DARNELL,

    Plaintiff,

v.                                Civil Action No. 4:14cv94

SAM R. LLOYD,
HULLIHENS LAWN CARE SERVICE, and
HULLIHEN'S LAWN CARE, INC.

    Defendants.

## OPINION & ORDER

This matter was before the Court upon the joint Motions to Dismiss by Defendants Sam R. Lloyd, Hullihen's Lawn Care Service, and Hullihen's Lawn Care, Inc., Docs. 4 & 8, as well as Plaintiff Randolph Lee Darnell's Motion for Leave to File a Surreply, Doc. 11. A hearing was held on October 16, 2014. The Court **GRANTED** the Motions to Dismiss, Docs. 4 & 8, and **DENIED** the Motion for Leave to File, Doc. 11, and now issues this Opinion and Order explaining its reasoning.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    a.   Factual Background[1]

This is a personal injury action arising out of an accident that occurred on Interstate 64 West in Newport News, Virginia. Compl. ¶ 9. Defendant Sam R. Lloyd ("Defendant Lloyd" or "Lloyd") was operating a vehicle, specifically a truck and towed trailer, as an agent or servant of

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion to Dismiss. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

Defendants Hullihen's Lawn Care Service and/or Hullihen's Lawn Care, Inc. ("Defendants Hullihen" or "Hullihen") (collectively "Defendants"). Id. ¶¶ 2–5. On or about May 25, 2012, while driving the truck and towed trailer, Lloyd crashed into a vehicle driven by Plaintiff Randolph Lee Darnell ("Plaintiff" or "Darnell"), causing Darnell to suffer numerous injuries. Id. ¶ 14. At the time of the accident, the towed trailer allegedly had an expired inspection sticker and was suffering from mechanical problems. Id. ¶¶ 10–11. Plaintiff heard Lloyd say after the collision that "the d*** trailer brakes failed again." Id. ¶ 15. Plaintiff also overheard Lloyd state that he had previously been in an accident involving the same vehicle and trailer. Id. ¶ 16.

### b. Procedural Background

On May 21, 2014, Plaintiff filed his four-count Complaint in the Circuit Court for the City of Newport News, asserting claims of (1) negligent and/or reckless driving against Lloyd; (2) negligent and/or reckless driving against Defendants Hullihen; (3) negligence per se against Lloyd; and (4) negligence per se against Defendants Hullihen. Compl. ¶¶ 42–49. On July 25, 2014, Defendants jointly removed to this Court. Doc. 1. That same day, Defendants Hullihen filed the instant Motion to Dismiss. Doc. 4. Defendant Lloyd joined Defendants Hullihen's motion on July 28, 2014. Doc. 8. Plaintiff responded in opposition on July 30, 2014. Doc. 9. Defendants Hullihen filed their reply brief on August 5, 2014. Doc. 10. Plaintiff filed his Motion for Leave to file a surreply brief on August 15, 2014. Doc. 11.

The Court entered its Rule 16(b) Scheduling Order on October 16, 2014. Doc. 15. Trial is set to commence on May 19, 2015 at 10:00 a.m. Id.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican

Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In deciding the motion, a court may consider the facts alleged on the face of the complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)). The court may look to documents attached to the Complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

Pursuant to Local Rule of Civil Procedure 7(F)(1), Plaintiff may not file a sur-reply without leave of court.

### III.   ANALYSIS

#### A. Motion for Leave to File

Plaintiff moved for leave to file a surreply, arguing that two exhibits that Defendants Hullihen attached to their reply brief would convert the Motion to Dismiss into a Motion for Summary Judgment. Doc. 12. Defendants did not object to the filing of a surreply. Doc. 10 at 1 n.1. However, the documents attached to Defendants' reply brief were not considered by the Court. Accordingly, the Court **DENIED** the Motion, Doc. 11, as moot.

**B. Motion to Dismiss**

Defendants moved to dismiss parts of Plaintiff's negligence per se claims. Under Virginia law, to establish a claim of negligence per se, "Plaintiff must establish that the Defendants violated a statute that was enacted for public safety, that the Plaintiff belongs to the class of persons for whose benefit the statute was enacted, that the harm that occurred was of the type against which the statute was designed to protect, and that the statutory violation was a proximate cause of Plaintiff's injury." O'Neil v. Windshire Copeland Assocs., L.P., 197 F. Supp. 2d 507, 509 (E.D. Va. 2002) (citing Halterman v. Radisson Hotel Corp., 523 S.E.2d 823, 825 (Va. 2000)).

Counts Three and Four of the Complaint allege violations of Title 46.2 §§ 1003, 1070, 1157, 1158, 1158.02, and/or 1171 of the Code of Virginia. Defendants moved the Court to dismiss all but the claim under Va Code § 46.2-1003. Doc. 5 at 2.

**1. Virginia Code § 46.2-1070**

Virginia Code § 46.2-1070 requires that:

> Every semitrailer, trailer, or separate vehicle attached by a drawbar, chain, or coupling to a towing vehicle other than a farm tractor or a vehicle not required to obtain a registration certificate and having an actual gross weight of 3,000 pounds or more, shall be equipped with brakes controlled or operated by the driver of the towing vehicle, which shall conform to the specifications set forth in § 46.2-1067 and shall be of a type approved by the Superintendent.

Defendants argued that the statute does not apply to "a vehicle not required to obtain a registration certificate," and because it was registered in Pennsylvania, it did not require a registration certificate. Doc. 5 at 2. Plaintiff did not make any specific arguments in its Memorandum addressing this statute, and focused only on the registration and inspection issues before the Court. Doc. 9 at 4–5.

Plaintiff was unable to cite, and the Court was unable to find, any case applying this statute to establish a negligence per se claim against any defendant. This is because in the Court's view, the negligence would occur, based on the facts as pled in the Complaint, from the knowledge that the brakes were defective, as evidenced in paragraphs 15 and 16 of the Complaint. Moreover, Plaintiff failed to plead any facts allowing the Court to determine the registration status of the vehicle, such that this statute would apply. Accordingly, the Court **GRANTED** the Motion to Dismiss on this ground.

### 2. Virginia Code §§ 46.2-1157 and 1158

Virginia Code § 46.2-1157 provides that:

> The owner or operator of any motor vehicle, trailer, or semitrailer registered in Virginia and operated or parked on a highway within the Commonwealth shall submit his vehicle to an inspection of its mechanism and equipment by an official inspection station, designated for that purpose, in accordance with § 46.2-1158. No owner or operator shall fail to submit a motor vehicle, trailer, or semitrailer operated or parked on the highways in the Commonwealth to such inspection....

Va. Code § 46.2-1158 requires that an inspection be complete and occur ever twelve months.

Defendants argued again that this statute is not implicated because the vehicle and trailer at issue were not registered in Virginia. Doc. 5 at 2-3. Plaintiff argued that because he did not plead that the vehicle and trailer were registered in Pennsylvania, and because Defendants engaged in business in Virginia, they were required to inspect the vehicles in Virginia. Doc. 9 at 3-4.

As Defendant correctly argued at the hearing, Plaintiff was unable to cite to a single case where a Virginia court applied these statutes to a negligence per se claim. This is because the failure to inspect would not be the proximate cause of the injury; it would be the knowledge that the brakes were defective. Additionally, Plaintiff did not plead the registration status of the

vehicle. Accordingly, the Court **GRANTED** Defendants' Motions to Dismiss the claims based on these statues.

### 3. Virginia Code §§ 46.2-1158.02 and 46.2-1171

These statutes only provide the penalties for a violation of the Virginia inspection laws. Defendants argued that these are thus inapplicable, and that it is impossible for them to violate a statute that establishes penalties for violating other statutes. Doc. 10 at 2. Plaintiff conceded in its opposition that these statutes only provide penalties. Moreover, the Complaint contains no facts that would allow the Court to plausibly infer Defendants have violated the penalty statutes, by for example, failing to pay any penalties assessed against them. Accordingly, the Court **GRANTED** the Motions to Dismiss on this ground.

## IV. CONCLUSION

Accordingly, the Court **GRANTED** the Motions to Dismiss. Docs. 4, 8. The Court **GRANTED** Plaintiff leave to file an Amended Complaint, to the extent that he can plead a statutory violation requiring a particular kind of brakes. The Court **ORDERED** that any Amended Complaint be filed by October 27, 2014.

The Court **DENIED** the Motion for Leave to File, Doc. 11, as moot.

The Clerk is **REQUESTED** to deliver electronically a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: October 23rd, 2014