

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

RANDOLPH LEE DARNELL,

        Plaintiff,

v.                                  Civil Action No. 4:14cv94

SAM R. LLOYD,
HULLIHENS LAWN CARE SERVICE, and
HULLIHEN'S LAWN CARE, INC.

        Defendants.

### OPINION & ORDER

This matter was before the Court on Defendant Hullihen's Lawn Care's ("Hullihen's") Motion to Dismiss. Doc. 115. Hullihen's moved to dismiss Randolph Lee Darnell's ("Plaintiff") new claims alleged in his Second Amended Complaint. Doc. 106. For the following reasons, the Court **DENIES** Defendant Hullihen's Motion to Dismiss.

### I. BACKGROUND

#### A. Factual Allegations[1]

This is an action for recovery of money damages pursuant to Plaintiff's personal injury in an auto collision. Hullihen's employed Defendant Sam R. Lloyd ("Lloyd") as a landscaper. Second Am. Compl. ¶ 7. On May 25, 2012, Plaintiff was driving on I-64 West in Newport News, Virginia, when Lloyd struck him from behind. Id. ¶¶ 20, 22. At the time, Lloyd was driving Hullihen's truck and towing its trailer. Id. ¶ 20. Lloyd had been involved in a previous

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion to Dismiss. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

collision with the same truck and trailer, and he believed that the "the da** [trailer] brakes failed again" when he hit Plaintiff. Id. ¶ 23. Due to the collision, Plaintiff suffered a traumatic brain injury which caused further injuries and damages, including medical expenses and lost wages. See id. ¶ 25.

**B.    Procedural History**

On July 25, 2014, this matter was removed to this Court from the Circuit Court for the City of Newport News. Doc. 1. The most recent procedural history is as follows.

In October 2015, Defendants filed eight (8) joint motions in limine to preclude Plaintiff's experts from testifying at trial. Docs. 69, 71, 73, 75, 77, 79, 81, 83.[2] Plaintiff moved for leave to amend his complaint on February 16, 2016, Doc. 100, and the Court granted the motion from the bench on March 14. Doc. 107; see Doc. 108. Plaintiff filed his Second Amended Complaint on March 14, Doc. 106, Hullihen's filed its answer on March 22, Doc. 117, and Lloyd filed his answer on March 23, Doc. 122. On March 18, the Parties filed a stipulation permitting depositions to be used at trial for nine (9) expert witnesses and any others added by all Parties' agreement.[3] Doc. 110. The Parties were to complete discovery, except as to expert witnesses, by March 25. Doc. 99 at 1–2.

On March 21, Plaintiff filed a Motion to Compel the disclosure of Lloyd's insurance policy, to which Lloyd never responded. Doc. 113. On March 22, Hullihen's filed the instant Motion to Dismiss for failure to state a claim. Doc. 115. On March 28, Hullihen's filed a Motion to Compel Plaintiff to respond to a second request for production. Doc. 125. On March 28, the Court entered an order allowing the Parties to take the depositions of four expert

---

[2] Defendants moved to Exclude Drs. Walker, Lynch, Smith, Johns, Kreutzer, Sorenson, Sterling, and Hsu. Docs. 69, 71, 73, 75, 77, 79, 81, 83. Defendants also filed a Joint Rule 56 Motion. Doc. 85. Defendants' March 20, 2016 status report stated that they intend to pursue all of these motions. Doc. 111. The motions are pending.
[3] These witnesses are Drs. Johns, Aldridge, Sterling, Gallahan, Fielding, Pegram, Ransom, Sanyal, and Stephens. Doc. 110 at 1.

witnesses by April 22 for presentation in evidence in lieu of their appearance at trial.[4] Doc. 129. On April 1, Defendants filed a Joint Motion in Limine to exclude opinions of Dr. Walker. Doc. 131. On April 5, Plaintiff filed its response to the instant motion. Doc. 133. On April 6, Defendants filed a Motion in Limine to exclude opinions of Dr. Ross. Doc. 135. On April 11, Hullihen's filed its response to the instant Motion. Doc. 137. The final pretrial conference is scheduled for April 14, 2016, and trial is scheduled to begin on May 3, 2016.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a court must accept as true all well-pleaded factual allegations and construe them in the plaintiff's favor, Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999), the same is not true for legal conclusions, Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In deciding the motion, a court may consider the facts alleged on the face of the complaint as well as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357 (1990)); see

---

[4] These witnesses are Drs. Aldridge, Kreutzer, Hsu, and Lynch. Doc. 129.

Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted). "Consideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is integral to and explicitly relied on in the complaint." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)) (alteration in original).

**B.   Sufficiency of Negligent Entrustment Allegations Under Virginia Law**

A plaintiff must carefully plead negligent entrustment under Virginia law. See Turner v. Lotts, 224 Va. 554, 558 (1992). A plaintiff alleging auto collision injuries due to negligent entrustment must plead sufficient facts to show that "the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others" and that the negligent entrustment proximately caused the injury. Denby v. Davis, 212 Va. 836, 838–39 (1972). To date, "[t]he Supreme Court of Virginia has allowed jury findings of negligent entrustment to stand only where the owner had notice of some physical or mental defect of the driver." O'Brien v. Glenn, 80 Va. Cir. 188 (2011) (citing Hack v. Nester, 241 Va. 499 (1990) (vehicle owner knew of broken headlight) and Denby, 212 Va. 836 (vehicle owner knew driver had severe eye condition and no license)); see also Crowell v. Duncan, 145 Va. 489, 510 (1926) (vehicle owner knew driver had license revoked for alcohol abuse).[5]

Virginia circuit courts have likewise seldom held plaintiffs' pleadings sufficient to allege negligent entrustment of a vehicle. See, e.g., Kohr v. Hostetter, 85 Va. Cir. 195, *2 (2012)

---

[5] Plaintiff argues that O'Brien supports his assertion that his complaint is complete without alleging a defect, but the Virginia circuit court was examining the O'Brien negligent entrustment allegations for summary judgment, not a demurrer or motion to dismiss. 80 Va. Cir. 188, *2 (2011). Hullihen's argues that O'Brien misinterpreted Turner because no Supreme Court of Virginia decision "has permitted recovery for the negligent entrustment of an automobile based solely on a poor driving history." Doc. 137 at 2. The latter half of the statement is true, but Turner clearly suggested a similar negligence plus causation pattern of allegations that, with the Denby knowledge requirement, would be sufficient to plead negligent entrustment. 224 Va. at 558. Hullihen's also argues that O'Brien does not apply to this case because the O'Brien facts involved a vehicle owner who sat in the vehicle and did not stop the driver from driving dangerously and recklessly. Doc. 137 at 2–3. O'Brien does not factor significantly into the Court's analysis.

4

(vehicle owner knew minor driver had a restricted license, regularly raced on open roads, was cited for excessive speeding, and crashed her car before, but had no physical or mental defect); Bastable v. Muslu, 78 Va. Cir. 401, *2 (2009) (vehicle owner knew driver had five speeding tickets, caused an accident, and once drove on a suspended license, but had no physical or mental defect or suspended license, nor was vehicle defective).

In Turner v. Lotts, the Supreme Court of Virginia declined to hold the Lottses liable for negligent entrustment of their pickup truck to their son but suggested how a plaintiff could sufficiently allege negligent entrustment without alleging a defect. 224 Va. at 558. Though the Lottses' son had incurred three traffic tickets, had two accidents, and had a separate insurance policy, "there [was] no allegation that Kenneth's license was restricted, suspended, or revoked. Just as important, there is no allegation that Kenneth's conduct in prior accidents was negligent or that his accident with Turner was a proximate cause of similar negligence." Id. Combined with the Denby knowledge requirement, the Turner elements of similar negligence in previous incidents and causation are critical to alleging negligent entrustment.

C.     **Sufficiency of Negligent Retention Allegations Under Virginia Law**

A negligent retention claim in Virginia relies heavily upon allegations of an employer's knowledge of its employee's previous dangerous conduct. Negligent hiring and negligent retention require essentially the same allegations; the difference lies in when the employer knew or should have known about its employee's misconduct and taken appropriate action.[6] See Se. Apartments Mgmt., Inc. v. Jackman, 257 Va. 256, 260–61 (1999). "For a claim of negligent hiring, Plaintiff must allege that the employee had a known propensity of being a danger to

---

[6] In Southeastern Apartments Management, Inc. v. Jackman, the Supreme Court of Virginia elaborated on both causes of action and explained that negligent hiring and negligent retention both require the employer putting "an improper person in work involving an unreasonable risk of harm to others" or "who the employer knew or should have known was dangerous and likely to harm [others]." 257 Va. 256, 260–61 (1999).

5

others in the past, the employer knew or should have known through reasonable discovery about these acts, and the employer hired an unfit employee and placed him in a situation where he could create an unreasonable risk of harm to others." Clements v. MCV Assoc. Phys., 61 Va. Cir. 673, *3 (2002). In suits for damages resulting from sexual harassment at work, for example, Virginia circuit courts have required the plaintiff to plead the employer's knowledge of its employee's propensity for harm before the harm reoccurred. Padilla v. Silver Diner, 63 Va. Cir. 50, *4–5 (2003); Hazzis v. Modjadidi, 69 Va. Cir. 385, *4 (2005) (describing the facts of Berry v. Scott & Stringfellow, 45 Va. Cir. 240 (1998)).

A Virginia circuit court held in 2012 that a plaintiff pled sufficient facts for negligent retention of an employee who injured the plaintiff in an auto accident. Kohr v. Hostetter, 85 Va. Cir. 195, *3 (2012). The plaintiff had alleged that an auto service company was negligent in employing a truck driver because he was a convicted felon and the company knew he had numerous speeding violations, other failures to observe road rules, and "no formal training" to drive a truck weighing 15,000 pounds. Id.

### III. ANALYSIS

Hullihen's has simply reiterated its arguments propounded in opposition to Plaintiff's Motion for Leave to Amend. Doc. 116; see Doc. 102. Unpersuaded by Hullihen's arguments, the Court stated the following in its Order granting Plaintiff leave to amend:

> Virginia courts do not liberally allow recovery for personal injury under the theory of negligent entrustment, Turner, 244 Va. at 558, but Plaintiff's proposed negligent entrustment and negligent retention allegations are likely sufficient. Plaintiff's allegations of Defendants' knowledge of the faulty truck brakes, expired inspection sticker, and Lloyd's two prior accidents surpass the bald allegations in the Turner complaint. Id.; Doc. 100, Ex. A at 3.

Doc. 108 at 6. Hullihen's again asserts that Plaintiff's allegations in the Amended Complaint are insufficient to make out negligent entrustment and negligent retention claims under Virginia law. Doc. 116 at 2–4.

### A.  Negligent Entrustment Claim

Plaintiff's negligent entrustment claim includes the following factual allegations:

> 35. Hullihen's knew or should have known that normal operation of the truck and/or towed trailer that it owned and entrusted to Lloyd was unsafe for reasons, including but not limited to, the occurrence of the May 4, 2012 Incident, the occurrence of the May 11, 2012 Incident, the various complaints that Lloyd made to his employer about the equipment, and the lack of a valid inspection sticker on the trailer.
>
> 36. Despite the occurrence of the prior incidents, Lloyd's complaints, and the lack of a valid inspection, Hullihen's failed to perform adequate inspections or repairs of the braking systems of the truck or trailer so as to make them safe for operation.
>
> 37. Despite Hullihen's actual and/or constructive knowledge of the truck's and/or towed trailer's unsafe condition, Hullihen's entrusted the truck and towed trailer to its employee, Lloyd, and allowed Lloyd to operate the truck and towed trailer at various times, including at the time of the May 25, 2012 collision giving rise to this action.
>
> 38. As evidenced by, among other things, Lloyd's statement to his Hullihen's superior after the collision that "the damn [trailer] brakes failed again," Hullihen's negligent entrustment of the unsafe truck and/or towed trailer to Lloyd was a direct and proximate cause of the May 25, 2012 collision and, thus, of the injuries and damages suffered by Darnell as a result of said collision, as set forth above.
>
> 39. In addition, Hullihen's negligently entrusted a dangerous instrumentality to Lloyd. At the time of the May 25, 2012 incident at issue in this action, Hullihen's had abundant, actual knowledge that Lloyd had a propensity for dangerous, negligent, and reckless driving. Such knowledge made it reasonably foreseeable to Hullihen's that Lloyd would likely be involved in additional auto collisions and that, in such collisions, he might cause harm to other motorists, such as Darnell.

Second Am. Compl. ¶¶ 35–39. Plaintiff has alleged no physical or mental defect present in Lloyd at the time of the collision. The Court's considerations, then, must rest on whether Plaintiff properly alleged that the pickup was defective or that Hullihen's knew or should have known of Lloyd's previous negligence and whether the instant collision resulted from the same type of negligence. See Turner, 244 Va. at 558.

7

Plaintiff refers to portions of its negligent entrustment claim as its "Unsafe Instrumentality Theory." Second Am. Compl. ¶¶ 34–38; see Doc. 133 at 2. In it, Plaintiff alleges that the truck and/or towed trailer were "unsafe," and that Hullihen's "had actual and/or constructive knowledge" about the defective truck or trailer "braking systems" because Lloyd made "complaints . . . about the equipment." Second Am. Compl. ¶¶ 35–37. Plaintiff also alleges that despite this knowledge, "Hullihen's negligently entrusted a dangerous instrumentality to Lloyd," which caused harm to Plaintiff. Id. ¶ 39. Thus, Plaintiff has sufficiently pled facts to demonstrate negligent entrustment of a defective vehicle.

Plaintiff has also pled an "Unfit Driver Theory." Id. ¶¶ 39–41; see Doc. 133 at 2. Plaintiff alleges that Lloyd's negligence on May 25, 2012 was similar to his negligence on May 4 and May 11, 2012, and that his negligence caused Plaintiff's injuries. Second Am. Compl. ¶¶ 35, 39. Furthermore, Plaintiff alleges that Hullihen's knew about the previous incidents because Lloyd made "complaints" to Hullihen's and Hullihen's had "abundant, actual knowledge that Lloyd had a propensity for dangerous, negligent, and reckless driving." Id. ¶¶ 35, 39. These allegations mirror the pattern of similar negligence and causation suggested in Turner, and they are sufficient to plead negligent entrustment. While Hullihen's correctly points out that Turner's holding did not adopt this pattern, it avoids Turner's clear suggestion of this pattern as sufficient for a negligent entrustment claim. See Doc. 137 at 1–2.

Hullihen's draws inapposite comparisons to the facts of Kohr, Bastable, and Turner; those cases did not involve a potentially defective vehicle as in Hack and here. Doc. 116 at 3; see 241 Va. at 504–05; see also Kohr, 85 Va. Cir. at *2; Bastable, 78 Va. Cir. at *2; Turner, 224 Va. at 558. The pleading of a headlight defect and causation in Hack would have been sufficient to show the owner knew he was entrusting a dangerous vehicle, just as the alleged truck or trailer

8

brake defects do here. See 241 Va. at 504–05. Hullihen's also misunderstands that the plaintiff's conclusory allegations in Kohr contributed to the court's finding of an insufficient negligent entrustment claim. 85 Va. Cir. at *2.

The Court therefore **DENIES** the Motion as to Plaintiff's negligent entrustment claim.

B.     **Negligent Retention Claim**

Plaintiff's negligent retention claim includes the following factual allegations:

> 44. Hullihen's knew or should have known that Lloyd was dangerous and likely to harm others while operating the truck and towed trailer provided to him by Hullihen's for reasons set forth above.
>
> 45. Hullihen's retention of Lloyd as an employee to perform the duties he was asked to perform, under the facts and circumstances set forth above, was negligent and was a direct and proximate cause of the May 25, 2015 collision and, thus, of the injuries and damages suffered by Darnell as the result of said collision, as set forth above.

Hullihen's argues without support that "if Plaintiff's allegations are insufficient to support a finding that Lloyd was unfit to operate a vehicle, it necessarily follows that Plaintiff's allegations are insufficient to support the proposed negligent retention claim." Doc. 116 at 4. Hullihen's misunderstands that a negligent retention claim requires independent proof under Virginia law.

Plaintiff alleges that Hullihen's knew of Lloyd's recent speeding and accident history ("under the facts and circumstances set forth above") due to Lloyd's "complaints," Second Am. Compl. ¶¶ 44, 35. Plaintiff also states that Hullihen's "knew or should have known that Lloyd was dangerous and likely to harm others while operating the truck and towed trailer provided to him," yet continued to employ him to drive them. Id. ¶ 44–45; see Clements, 61 Va. at *3; Padilla, 63 Va. Cir. at *4–5; Hazzis, 69 Va. Cir. at *4.[7] Though Plaintiff has not alleged Lloyd's lack of formal training in driving Hullihen's truck and trailer, he has specifically alleged that Lloyd's previous driving mishaps are directly related to the instant collision. See id. ¶¶ 35, 36. All three incidents involved Lloyd improperly driving the same Hullihen's truck and trailer in a span of just weeks. See Doc. 133

---

[7] The Hullihen's F-150, trailer, and cargo together weighed approximately 8,000 pounds. Doc. 133 at 8.

9

at 8. Plaintiff's allegations are thus as strong as those in <u>Kohr</u>, which the court found were sufficient for a claim of negligent retention. <u>See</u> 85 Va. Cir. at *3.

The Court therefore **DENIES** the Motion as to Plaintiff's negligent retention claim.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Hullihen's Motion to Dismiss. Doc. 115.

The Clerk is **REQUESTED** to deliver electronically a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 13, 2016